THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-72

| | |
|---|---|
| NUVOTRONICS, INC., <br>                     Plaintiff, <br> v. <br> COMPONENTZEE, LLC and MASUD BEROZ, <br>                     Defendants. | **DEFENDANTS' MOTION TO DISMISS** |

Defendants ComponentZEE, LLC and Masud Beroz, by and through their undersigned counsel move this Court for an Order dismissing, with prejudice, Plaintiff's Complaint and all causes of action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As grounds in support of this Motion, Defendants state the following:

(1) Plaintiff does not have legal standing to seek a declaratory judgment from this Court on the validity and enforceability of Defendants' now-issued patent because Plaintiff has not alleged an actual existing case or controversy to warrant relief under the Declaratory Judgment Act. Specifically, Plaintiff does not allege that Defendants have accused it of infringing an issued patent, and does not allege that Defendants have taken any affirmative acts that Plaintiff can reasonably interpret to be an accusation of actual infringement. Based on settled Federal law, Plaintiff's singular reliance on Defendants' alleged refusal to provide a covenant not to sue is insufficient to confer standing for a declaratory judgment action on patent invalidity/unenforceability.

(2) In addition, there is no justiciable case or controversy to warrant declaratory relief to add Plaintiff's employees as inventors to Defendants' issued patent. Rather, Plaintiff's

contention that it did not convey Defendants the rights to continuations or to claim priority to Mr. Beroz's provisional application contradicts the plan language in its reassignment of the provisional back to Mr. Beroz, and conflicts with Plaintiff's prior representations made in the North Carolina Business Court in a related case between the same parties. The Court should reject Plaintiff's attempt to advance inconsistent arguments in different courts under principles of judicial estoppel. Moreover, Plaintiff's strained reading of the scope of its reassignment of property rights back to Mr. Beroz is belied by a plain reading of the terms used to describe the entirety of the intellectual property that was transferred.

These and additional grounds in Support of Defendants' Motion are set forth in the accompanying Memorandum of Law filed herewith.

WHEREFORE, Defendants respectfully request that the Court issue an Order dismissing Plaintiff's Complaint and all causes of action, with prejudice, and for such other and further relief that the Court deems just and proper.

This the 26th day of April, 2019.

Respectfully submitted,

/s/ Joshua M. Hiller
/s/Joshua Hiller / NC Bar No. 39010
Cranfill Sumner & Hartzog, LLP
P.O. Box 27808
Raleigh, NC  27611-7808
T: 919.828.5100
F: 919.863.3423
jhiller@cshlaw.com
*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on April 26, 2019 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification to the counsel of record indicated on the case docket.

                                    /s/ Joshua M. Hiller
                                    Joshua M. Hiller